**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue**
**White Plains, New York 10601-1712**
**914.681.9500**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

KATHERINE SUMNER BACON,

                Plaintiff,

      -against-

DAVID SPILLER, UNNI SPILLER,
GUY CARPENTER, INC. and
SIRVA RELOCATION, LLC,

                Defendants.

---------------------------------------------------------------x

**PLAINTIFF DEMANDS**
<u>**TRIAL BY JURY**</u>

07 Civ. 7206  ( LBS )(RE)

**AMENDED**
<u>**COMPLAINT**</u>

    Katherine Sumner Bacon, by her attorneys, Baker, Leshko, Saline &

Blosser, LLP, complaining of the above-mentioned defendants, alleges as follow:

<u>*Parties*</u>

    1. The plaintiff, Katherine Sumner Bacon, (hereinafter "Plaintiff" or

"Ms.Bacon") is a citizen of the United States and resident of the

1

State of Connecticut, County of Fairfield, and resides at 10 Eggleston Lane, Old Greenwich, Connecticut 06870.

2. Ms. Bacon is the owner in fee simple of the Premises including the house and furnishings located at 10 Eggleston Lane, Old Greenwich, Connecticut (hereinafter the "Premises").

3. Upon information and belief, David Spiller is a citizen and national of the United Kingdom, England, and maintains an address at Green Flags, Stoneswood Road, Limpsfield, Surrey RH8 0QY England.

4. Upon information and belief, he is married to Unni Spiller who resides at the same address.

5. In connection with the transactions and issues in this case, Mr. Spiller maintains residence in New York City and a business address with the offices of Guy Carpenter & Company, Inc. located at One Madison Avenue, 4th Floor, New York, NY 10010-3658.

6. Guy Carpenter & Company, Inc. (sometimes hereinafter referred to as "GCI") is located within the City of New York in the County of New York at One Madison Avenue, 4th Floor, New York, NY 10010-3658.

7. GCI is the employer of David Spiller with respect to the transactions in issue.

8. GCI is a corporation duly authorized to do business within the State of New York.

9. GCI is the self-proclaimed world's leading risk and insurance specialist and is part of the Marsh & McLennan Company.

10. David Spiller is the president of Pharmacy 2, a division and unit within Guy Carpenter, Inc. Mr. Spiller currently resides in New York City.

11. Mr. Spiller is president of GCI and a member of the firm's executive committee and management board and has been so since January 2006 and is currently the CEO of said corporation.

12. Upon information and belief, Sirva Relocation, Inc. LLC., (hereinafter sometimes referred to as "SIRVA") is a corporation, authorized to do business in New York, and which maintains an office at 101 5th Avenue, 3rd Floor, New York, NY 10003.

13. Sirva Relocation was the real estate agent for Mr. Spiller, Mrs. Spiller and GCI in connection with the transactions and the Lease agreement in issue in this case.

14. Upon information and belief, GCI is was responsible for the relocation expenses of Mr. Spiller and hired SIRVA.

### *Jurisdiction*

15. Original jurisdiction in this court is based upon diversity of citizenship, 28 U.S.C. § 1332.

16. The amount in question in this case is more than $75,000.00, exclusive of interests and costs.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### *Background*

18. During early June 2006, Defendants David and Unni Spiller negotiated, along with Defendant SIRVA and GCI to rent the Premises belonging to Ms. Bacon at 10 Eggleston Lane, in Old Greenwich, Connecticut.

19. On or about June 15, 2006, Mr. Spiller advised Ms. Bacon and/or her agent that he intended to rent the Premises belonging to Ms. Bacon at the rate of $12,000.00 per month, with a Lease occupancy start date of July 15, 2006, ending July 15, 2007.

20. Ms. Bacon contacted GCI to confirm and verify Mr. Spiller's and Mrs. Spiller's income and obtained a verbal guaranty of the Lease from GCI.

21. At the time that Mr. Spiller sought to rent the Premises belonging to Ms. Bacon, she was residing elsewhere and had a tenant located at the Premises paying $10,000.00 per month.

22. Mr. Spiller, GCI and SIRVA insisted that Ms. Bacon cancel any and all existing and/or prospective tenancies and rent the Premises solely to him.

23. SIRVA and GCI viewed the Premises and requested that Ms. Bacon Lease only to the Spillers, and they stated that the Spillers would pay the sum of $12,000.00 per month.

24. Mr. Spiller represented that he did not need to see the Premises prior to moving in and that he asked Ms. Bacon to hold the Premises for him and for his imminent move of his family to the United States.

25. SIRVA viewed the Premises at least twice and the Spillers were provided with pictures thereof.

26. Mr. Spiller and his wife, via credit approvals and other written agreements, confirmed that they would pay the full rent requested by Ms. Bacon, $144,000.00 for one year and executed a rental agreement based upon those statements on June 16, 2006.

27. Ms. Bacon canceled her Lease negotiations with all other tenants in reliance upon the execution of the Lease with the Spillers.

28. On or about June 16, 2006 Mr. & Mrs. Spiller faxed a signed Lease agreement to Ms. Bacon's agent, Fran Ward, agreeing to pay rent for the Premises at 10 Eggleston Lane in the amount of $144,000.00 for one year including in said agreement various provisions. (A copy of the Lease agreement (hereinafter the "Lease") executed by Mr. Spiller and his agent is annexed hereto as Exhibit "A".)

29. In connection with the execution of said Lease, checks for security deposit and first and last months' rent were paid by SIRVA to Ms. Bacon in the amount of $36,000.00.

30. Within a few days of execution of the Lease and tender of the checks, all checks were dishonored by the bank.

31. Upon information and belief, this was done at the direction of SIRVA, Mr. Spiller and/or GCI.

32. Subsequently, Mr. Spiller, SIRVA and GCI breached the Lease by not showing up and not paying for his rental and occupancy. Neither Mr. or Mrs. Spiller, nor SIRVA nor GCI ever provided any written notification to the plaintiff to terminate the Lease.

33. Ms. Bacon maintained the Premises on the public real estate/MLS market in Fairfield County, and has not been able to obtain another tenant since June of 2006.

34. Based upon the foregoing Ms. Bacon alleges damages for breach of contract, wrongful dishonor of check and common law fraud.

## *AS AND FOR A FIRST CLAIM FOR RELIF*

35.  Defendants David Spiller, Unni Spiller, GCI and SIRVA negotiated for and requested that Ms. Bacon provide a contract of Lease for Premises at 10 Eggleston Lane.

36. Despite having executed a contract for the Lease and occupancy of Ms. Bacon's Premises, Mr. Spiller and Ms. Spiller failed to comply with said Lease and did not pay for use and occupancy as required by the contract.

37. Mr. Spiller's agents have advised Ms. Bacon that the contract was canceled at his request because he did not come to live in the United States.

38.  Based upon the foregoing, the plaintiff has been damaged in the amount of $144,000.00, plus attorneys' fees and interest thereon.

## *AS AND FOR A SECOND CLAIM FOR RELIEF*

39. Plaintiff repeats and  reallages all allegations and statements in paragraphs "1" through "38" as if more fully set forth herein.

40. Defendants David Spiller, Unni Spiller, GCI and SIRVA negotiated for and requested that Ms. Bacon provide a contract of Lease for Premises at 10 Eggleston Lane, Old Greenwich, CT.

41. In reliance upon said negotiations, and as agreed pursuant to the Lease for the Premises, defendants David Spiller and SIRVA tendered checks to her in the amount of $36,000.00 on or about June 16, 2006.

42. After issuance of said checks, defendants David Spiller and SIRVA improperly withheld payment to Katie Bacon after issuing a check in the amount of $36,000.00 based upon their account and the funds drawn by the agents.

43. At the time that said defendants issued said check to Katie S. Bacon the funds were not in the account and the defendants never had any intention of paying Ms. Bacon in accordance with said checks.

44. Such conduct in failing to pay checks as drawn, and as required by contract, is a violation of Conn. Gen. State §53-a-128 and Conn. Gen. Statute §52-565a. Both Spiller and SIRVA were provided with the proper notice to cure said dishonor of check and failed to do so.

45. The wrongful dishonor of a check is also a violation of New York State UCC § 3-412 and 3-413.

46. The defendants David Spiller and SIRVA have failed to honor the checks despite being offered an opportunity to cure. Because there was never any intention on their part to pay the checks as drawn, these defendants are liable to Ms. Bacon for fraud and treble damages based upon both New York and Connecticut general statutes for wrongful dishonor of checks.

47. Based upon the foregoing misconduct, defendants Spiller and SIRVA are liable to Ms. Bacon in an amount to be determined by the Court for issuing such bad checks, plus interest thereon.

### *AS AND FOR A THIRD CLAIM FOR RELIEF*

48. Plaintiff repeats, reiterates and realleges all allegations and statements paragraphs in "1" through "47" as if more fully set forth herein.

49. . Defendants David Spiller, Unni Spiller, GCI and SIRVA negotiated for and requested that Ms. Bacon provide a contract of Lease for Premises.

50. Ms. Bacon relied upon such promises and representations to her detriment.

51. Defendants David Spiller and SIRVA tendered checks to her in the amount of $36,000.00.

52. The defendants negotiated with Ms. Bacon and expressively requested that she cancel her tenant for the said Premises and Lease only to Mr. Spiller.

53. At the time of said statements to Ms. Bacon, the defendants never had any intention of complying with the Lease agreement.

54. Because the defendants all collectively conspired to falsely advise Ms. Bacon of their intentions and never intended to comply with the contract that Ms. Spiller executed, they are liable to the claimant for fraud in the inducement of the Lease.

55. Defendants are liable to Ms. Bacon for fraud in an amount to be determined by this Court, compensatory and exemplary damages, plus interest thereon.

### *AS AND FOR A FOURTH CLAIM FOR RELIEF*

56. Plaintiff realleges and repeats the allegations contained in paragraphs "1" through "55" of this complaint as if more fully set forth herein.

57. The Lease Agreement provides that in the event that defendants breach such Lease, they are responsible for reasonable attorneys fees in connection with any such action to collect rents due and/or monies owed.

58. Defendants Mr. Spiller and Ms. Spiller are liable to Ms. Bacon for her legal fees incurred in this action in an amount to be determined by this Court.

**WHEREFORE**, plaintiff demands judgment as follows:

1. On the first claim for relief, the sum of $144,000.00;

2. On the second claim for relief, the sum of $36,000.00, plus compensatory and exemplary damages.

3. On the third claim for relief, the sum of $200,000.00, plus compensatory and exemplary damages.

4. On the fourth claim for relief, a sum to be determined by this Court, but not less than $10,000.00;

5. Costs and disbursements of this action; and

6.  For such other, further and different relief this Court deems just.

Dated:  White Plains, York
        October 16, 2007

**BAKER, LESHKO, SALINE & BLOSSER, LLP**
**Attorneys for Plaintiff**


By:_____
   **Mitchell J. Baker (MB-4339)**
**One North Lexington Avenue**
**White Plains, New York 10601-1712**
**914.681.9500**