UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KATHERINE SUMNER BACON,                :       07 Civ. 7206 (LLS)

                Plaintiff,       :

                v.              :       ANSWER WITH
                                        CROSS-CLAIMS AND
DAVID SPILLER, UNA SPILLER, GUY        :       THIRD-PARTY
CARPENTER, INC. & SIRVA                        COMPLAINT
RELOCATION, LLC,                       :

                Defendants.      :
------------------------------------------------------------x

DAVID SPILLER AND UNA SPILLER,         :

                Third-Party Plaintiffs, :

                v.              :

CARTUS CORPORATION,                    :

                Third-Party Defendant.  :
------------------------------------------------------------x

        Defendants David Spiller, Una Spiller (collectively "the Spillers") and Guy Carpenter & Company, LLC s/h/a Guy Carpenter, Inc. ("Guy Carpenter") (the Spillers and Guy Carpenter are referred to collectively as "defendants"), by their attorneys, Kaplan, Thomashower & Landau LLP, for their Answer to the Amended Complaint (the "Complaint") of plaintiff, Katherine Sumner Bacon ("Bacon"), allege as follows:

<div align="center">WITH RESPECT TO THE PARTIES</div>

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Upon information and belief, admit the allegations contained in paragraph 3 of the Complaint.

4. Upon information and belief, admit the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit, upon information and belief, that Guy Corporation maintains an office at One Madison Avenue, 4th Floor, New York, New York 10010-3658.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit, upon information and belief, that Mr. Spiller is employed by Guy Carpenter.

8. Upon information and belief, admit the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Upon information and belief, admit the allegations contained in paragraph 11 of the Complaint except that Mr. Spiller has been President and CEO of Guy Carpenter since June 2006 not January 2006, and Guy Carpenter no longer has a management board.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

## WITH RESPECT TO JURISDICTION

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

## WITH RESPECT TO BACKGROUND

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Upon information and belief, deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint and refer to the Lease annexed as Exhibit A to the Complaint for a full and accurate

recitation of the contents thereof.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

### WITH RESPECT TO THE FIRST CLAIM FOR RELIEF

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

### WITH RESPECT TO THE SECOND CLAIM IN THE COMPLAINT

39. In response to paragraph 39 of the Complaint, repeat and reallege paragraphs 1 through 38 of this Answer with the same force and effect as if set forth herein in full.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

WITH RESPECT TO THE THIRD CLAIM FOR RELIEF

48. In response to paragraph 48 of the Complaint, repeat and reallege paragraphs 1 through 47 of this Answer with the same force and effect as if set forth herein in full.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint, except admit that plaintiff purports to bring a claim for fraud.

WITH RESPECT TO THE FOURTH CLAIM FOR RELIEF

56. In response to paragraph 56 of the Complaint, repeat and reallege paragraphs 1 through 55 of this Answer with the same force and effect as if set forth herein in full.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE DEFENSE

59. The Complaint fails to state a claim upon which relief can be granted

against defendants.

### AS AND FOR A SECOND SEPARATE AND COMPLETE DEFENSE

60.     Plaintiff's claims against defendants are barred, in whole or in part, by the statute of frauds.

### AS AND FOR A THIRD SEPARATE AND COMPLETE DEFENSE

61.     Plaintiff's claims against defendants are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and unclean hands.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE DEFENSE

62.     Plaintiff failed to mitigate her damages, if any.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE DEFENSE

63.     The damages, if any, alleged to have been sustained by plaintiff were caused, in whole or in part, by plaintiff's own culpable conduct or the conduct of some entity other than defendants.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE DEFENSE

64.     Guy Carpenter is not a party to the Lease annexed as Exhibit A to the Complaint.

### CROSS-CLAIMS AND THIRD-PARTY COMPLAINT

### THE PARTIES

65.     Defendants/Cross-Claim Plaintiffs/Third-Party Plaintiffs David and Una Spiller are residents of London, England.

66.     Upon information and belief, cross-claim defendant SIRVA Relocation LLC (together with its affiliates, "SIRVA") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 101 5th

Avenue, 3rd Floor, New York, New York 10003.

67.   Upon information and belief, third-party defendant Cartus Corporation (together with its affiliates, "Cartus") is a corporation organized and existing under the laws of Delaware with its principal place of business at 40 Apple Ridge Road, Danbury, Connecticut 06810.

## JURISDICTION AND VENUE

68.   Jurisdiction over the subject matter of these cross-claims and third-party claims is conferred on this Court by 28 U.S.C. §§ 1332(a)(2) and 1367. The amount in controversy exceeds $75,000, exclusive of interests and costs.

69.   Venue is proper in this District under 28 U.S.C. § 1391 (a)(3) in that defendant and cross-claim defendant SIRVA and third-party defendant Cartus were subject to personal jurisdiction in this district when this action commenced and remain subject therein.

## FACTUAL BACKGROUND

70.   Defendants and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 69 of this Answer with the same force and effect as if set forth herein in full.

71.   Beginning in or around 2006, the Spillers contemplated temporarily relocating to the United States with their children.

72.   The Spillers engaged SIRVA and Cartus to help in their relocation, including finding housing that was suitable for the Spillers' needs, appropriately priced and otherwise reasonable under the circumstances. Pursuant to the agreement with the Spillers, SIRVA was to conduct the day to day search for suitable housing

and Cartus was to supervise that work to ensure that any house secured for Spillers was appropriate to their needs and otherwise appropriate and reasonable.

73. The Spillers used and relied upon the services and expertise of SIRVA and Cartus with respect to their potential temporary relocation.

74. As part of the engagement of SIRVA and Cartus, the Spillers disclosed to both SIRVA and Cartus the Spillers' particular housing and location needs.

75. SIRVA and Cartus were unable to locate a property that met the Spillers' needs, as those needs had been communicated to SIRVA and Cartus. After presenting several unsuitable properties to the Spillers and having those properties rejected, SIRVA and Cartus became worried that they would be unable to find a suitable property for the Spillers.

76. Accordingly, SIRVA and Cartus determined to cause the Spillers to accept a property that SIRVA and Cartus knew or should have known was unsuitable for the Spillers' needs.

77. On Friday, June 16, 2006, an agent for SIRVA informed Mr. Spiller and Cartus that she had found a rental property located at 10 Eggleston Lane, Old Greenwich, Connecticut 06870 (the "Eggleston Property"). The agent for SIRVA further informed the Spillers that she had viewed the Eggleston Property and that it met the Spillers' special needs. The Spillers were in London on that day and therefore could not view the property.

78. SIRVA and Cartus knew or should have known that the Eggleston Property was unsuitable for the Spillers.

79. In order to induce the Spillers to accept the Eggleston Property,

8

SIRVA, through its agent, falsely told the Spillers that: (a) the Eggleston Property was suitable and met the Spillers' needs; (b) there were no other properties suitable for the Spillers' needs; (c) the Spillers needed to agree to lease the property, sight unseen, that very day -- June 16, 2006 -- and that they could not wait to inspect the property; and (d) that the Spillers needed to pay substantially above the asking price in order to ensure that they obtained the lease on the Eggleston Property.

80. Cartus was aware of these representations at or about the time they were made to the Spillers.

81. SIRVA and Cartus knew or should have known that these representations were false when made.

82. SIRVA and Cartus knew or should have known that the Spillers would rely upon these representations in deciding to agree to lease the Eggleston Property.

83. Neither SIRVA nor Cartus advised the Spillers that the representations were false or that the Eggleston Property was not suitable for the Spillers' needs. To the contrary, they advised the Spillers to lease the Eggleston Property on the terms and the timetable suggested by SIRVA.

84. On June 16, 2006, in reliance upon the representations set forth above, the Spillers decided to agree to lease the Eggleston Property.

85. On June 16, 2006, SIRVA purported to commit the Spillers to lease the Eggleston Property.

86. Mr. Spiller traveled to the United States as soon as possible specifically to inspect the Eggleston Property. He did so on June 19, 2006. It was immediately apparent, contrary to SIRVA's representations, that the Eggleston

Property did not meet the Spillers' needs. The Spillers immediately informed SIRVA that they did not want to rent the Eggleston Property.

87. Cartus was aware of all of the foregoing. Within several days after June 19, 2006, Cartus informed the Spillers that they would not be held accountable under any lease by the owners of the Eggleston Property.

### AS AND FOR THE FIRST CROSS-CLAIM AGAINST SIRVA AND FIRST THIRD-PARTY CLAIM AGAINST CARTUS

88. Cross-claim and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 87 of this Answer with the same force and effect as if set forth herein in full.

89. The Spillers had a contract with SIRVA by which SIRVA agreed to find the Spillers housing in the New York metropolitan area suitable for their needs, as communicated by the Spillers to SIRVA, and otherwise appropriate and reasonable.

90. The Spillers had a contract with Cartus by which Cartus agreed to find the Spillers housing in the New York metropolitan area suitable for their needs, as communicated by the Spillers to Cartus, and otherwise appropriate and reasonable.

91. The acts of SIRVA and Cartus, set forth above, constituted a breach of their respective contractual obligations to the Spillers.

92. The Spillers have been damaged by that breach in an amount to be determined at trial.

### AS AND FOR THE SECOND CROSS-CLAIM AGAINST SIRVA AND SECOND THIRD-PARTY CLAIM AGAINST CARTUS

93. Cross-claim and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 92 of this Answer with the same force and effect as if set forth herein in full.

94. SIRVA and Cartus owed a duty to the Spillers to exercise due care, skill, expertise, knowledge and competence in advising the Spillers on their potential relocation.

95. The acts of SIRVA and Cartus set forth above constitute a breach of their duty of care to the Spillers.

96. By reason of the negligence of SIRVA and Cartus, the Spillers have incurred damages in an amount to be determined at trial.

### AS AND FOR THE THIRD CROSS-CLAIM AGAINST SIRVA AND THIRD THIRD-PARTY CLAIM AGAINST CARTUS

97. Cross-claim and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 96 of this Answer with the same force and effect as if set forth herein in full.

98. To the extent that the Spillers are held to have entered into a lease of the Eggleston Property, they did so solely based on the representations and advice of SIRVA and Cartus.

99. It would be unfair and inequitable for the Spillers to incur obligations under a lease of the Eggleston Property and/or to bear the costs of this litigation, when both were necessitated solely by reason of SIRVA's and Cartus' improper, wrongful, negligent, reckless and/or careless acts and conduct.

100. By reason of the foregoing, Cross-claim and third-party plaintiffs the Spillers are entitled to be indemnified by SIRVA and Cartus and to a judgment against them in an amount to be determined upon the trial of this action with costs, disbursements, and reasonable attorney's fees.

### AS AND FOR THE FOURTH CROSS-CLAIM AGAINST SIRVA

101. Cross-claim and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 100 of this Answer with the same force and effect as if set forth herein in full.

102. SIRVA negligently represented to the Spillers that they had to sign a lease site unseen on the terms proffered.

103. The Spillers reasonably relied on SIRVA's representations.

104. The Spillers have been damaged by SIRVA's negligent misrepresentation in an amount to be determined at trial.

### AS AND FOR THE FOURTH CROSS-CLAIM AGAINST CARTUS

105. Cross-claim and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 104 of this Answer with the same force and effect as if set forth herein in full.

106. Cartus negligently represented to the Spillers that they would not be held accountable under any lease by the owners of the Eggleston Property.

107. The Spillers reasonably relied on Cartus' representations in agreeing to enter into a lease of the Eggleston Property and not taking any steps to mitigate any damages resulting therefrom.

108. The Spillers have been damaged by Cartus' negligent


misrepresentation in an amount to be determined at trial.

## AS AND FOR THE FIFTH CROSS-CLAIM AGAINST SIRVA

109. Cross-claim and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 108 of this Answer with the same force and effect as if set forth herein in full.

110. The representations made by SIRVA to the Spillers as set forth in paragraphs 77 through 87, above were false when made. SIRVA knew or should have known that the representations were false.

111. The Spillers reasonably relied on SIRVA's representations in agreeing to enter into a lease of the Eggleston Property, including not taking any steps to mitigate any damages resulting therefrom.

112. The Spillers have been damaged by SIRVA's fraudulent misrepresentations in an amount to be determined at trial.

## AS AND FOR THE FIFTH CROSS-CLAIM AGAINST CARTUS

113. Cross-claim and third-party plaintiffs the Spillers repeat and reallege each and every allegation contained in paragraphs 1 through 112 of this Answer with the same force and effect as if set forth herein in full.

114. The representations made by Cartus to the Spillers as set forth in paragraphs 77 through 87, above were false when made. Cartus knew or should have known that the representations were false.

115. The Spillers reasonably relied on Cartus' representations in agreeing to enter into a lease of the Eggleston Property, including not taking any steps to mitigate any damages resulting therefrom.

116.   The Spillers have been damaged by Cartus' fraudulent misrepresentations in an amount to be determined at trial.

WHEREFORE, Defendants/Cross-Claim Plaintiffs/Third-Party Plaintiffs David Spiller, Una Spiller and Defendant Guy Carpenter & Company, LLC s/h/a Guy Carpenter, Inc. pray that judgment be entered in this action dismissing the Amended Complaint, granting them the relief requested in their Cross-Claims and Third-Party Complaint, and awarding their costs and disbursements, including reasonable attorneys' fees, incurred in the defense of this action and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 9, 2007

        KAPLAN, THOMASHOWER & LANDAU LLP

        By: *Kathyanne Cohen*
        Jonathan P. Wolfert (JPW- 9899)
        Kathyanne S. Cohen (KSC-1710)

        26 Broadway, 20th Floor
        New York, New York 10004
        (212) 593-1700

        Attorneys for Defendants/Cross-Claim
          Plaintiffs/Third-Party Plaintiffs David Spiller,
          Una Spiller and Defendant Guy Carpenter &
          Company, LLC s/h/a Guy Carpenter, Inc.