UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KATHERINE SUMNER BACON,

                                **07 CV 7206 (LLS)**

                Plaintiff,

    - against -

DAVID SPILLER, UNA SPILLER,
GUY CARPENTER, INC., and
SIRVA RELOCATION, LLC
-------------------------------------------------------X
DAVID SPILLER and UNA SPILLER,

                Third-party Plaintiffs,

    - against -

CARTUS CORPORATION,

                Third-party Defendant.
-------------------------------------------------------X

## SIRVA RELOCATION, LLC's ANSWER TO CROSS-CLAIMS

Defendant SIRVA RELOCATION LLC (hereinafter "SIRVA") as and for its Answer to the Cross-Claims of David Spiller, Una Spiller and Guy Carpenter & Company, LLC, by and through its attorneys Dombroff Gilmore Jaques & French, provides as follows:

### THE PARTIES

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.    Denies the allegations contained in paragraph 66.

67.    The allegations contained in paragraph 67 are directed to a party other than SIRVA and, therefore, no response is required. To the extent facts are alleged against SIRVA, they are denied.

## JURISDICTION AND VENUE

68.    The allegations contained in paragraph 68 set forth conclusions of law to which no response is required. To the extent facts are alleged against SIRVA, they are denied.

69.    The allegations contained in paragraph 69 set forth conclusions of law to which no response is required. To the extent facts are alleged against SIRVA, they are denied.

## FACTUAL BACKGROUND

70.    SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 69 as if fully set forth herein.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.    Denies the allegations contained in paragraph 72 except admits that SIRVA did assist the Spillers with their relocation; however, not with respect to the property at issue. The SIRVA agent never viewed the subject property, never recommended the listing, never saw photos of the property prior to Mr. Spiller executing the lease, and never negotiated the terms of the lease agreement. All negotiations and communications regarding the subject property were between the Spillers and the Sotheby's agent.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74.     Denies the allegations contained in paragraph 74.

75.     Denies the allegations contained in paragraph 75.

76.     Denies the allegations contained in paragraph 76.

77.     Denies the allegations contained in paragraph 77.

78.     Denies the allegations contained in paragraph 78.

79.     Denies the allegations contained in paragraph 79.

80.     The allegations contained in paragraph 80 are directed to a party other than SIRVA and, therefore, no response is required. To the extent facts are alleged against SIRVA, they are denied.

81.     Denies the allegations contained in paragraph 81.

82.     Denies the allegations contained in paragraph 82.

83.     Denies the allegations contained in paragraph 83.

84.     Denies the allegations contained in paragraph 84.

85.     Denies the allegations contained in paragraph 85.

86.     Denies the allegations contained in paragraph 86.

87.     The allegations contained in paragraph 87 are directed to a party other than SIRVA and, therefore, no response is required. To the extent facts are alleged against SIRVA, they are denied.

## AS AND FOR THE FIRST CROSS-CLAIM AGAINST SIRVA AND FIRST THIRD-PARTY CLAIM AGAINST CARTUS

88.     SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 87 as if fully set forth herein.

89.    Denies the allegations contained in paragraph 89.

90.    The allegations contained in paragraph 90 are directed to a party other than SIRVA and, therefore, no response is required. To the extent facts are alleged against SIRVA, they are denied.

91.    Denies the allegations contained in paragraph 91.

92.    Denies the allegations contained in paragraph 92.

### AS AND FOR THE SECOND CROSS-CLAIM AGAINST SIRVA AND SECOND THIRD-PARTY CLAIM AGAINST CARTUS

93.    SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 92 as if fully set forth herein.

94.    Denies the allegations contained in paragraph 94.

95.    Denies the allegations contained in paragraph 95.

96.    Denies the allegations contained in paragraph 96.

### AS AND FOR THE THIRD CROSS-CLAIM AGAINST SIRVA AND THIRD-PARTY CLAIM AGAINST CARTUS

97.    SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 96 as if fully set forth herein.

98.    Denies the allegations contained in paragraph 98.

99.    Denies the allegations contained in paragraph 99.

100.    Denies the allegations contained in paragraph 100.

### AS AND FOR THE FOURTH CROSS-CLAIM AGAINST SIRVA

101.    SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 100 as if fully set forth herein.

102.    Denies the allegations contained in paragraph 102.

103.    Denies the allegations contained in paragraph 103.

104.    Denies the allegations contained in paragraph 104.

## AS AND FOR THE FOURTH CROSS-CLAIM AGAINST CARTUS

105.    SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 104 as if fully set forth herein.

106.    The allegations contained in paragraph 106 are directed to a party other than SIRVA and, therefore, no response is required. To the extent facts are alleged against SIRVA, they are denied.

107.    The allegations contained in paragraph 107 are directed to a party other than SIRVA and, therefore, no response is required. To the extent facts are alleged against SIRVA, they are denied.

108.    The allegations contained in paragraph 108 are directed to a party other than SIRVA and, therefore, no response is required. To the extent facts are alleged against SIRVA, they are denied.

## AS AND FOR A FIFTH CROSS-CLAIM AGAINST SIRVA

109.    SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 108 as if fully set forth herein.

110.    Denies the allegations contained in paragraph 110.

111.    Denies the allegations contained in paragraph 111.

112.    Denies the allegations contained in paragraph 112.

## AS AND FOR A FIFTH CROSS-CLAIM AGAINST CARTUS

113.    SIRVA repeats, reiterates, and realleges each and every response to paragraphs 65 through 112 as if fully set forth herein.

114.    The allegations contained in paragraph 114 are directed to a party other than SIRVA and, therefore, no response is required.  To the extent facts are alleged against SIRVA, they are denied.

115.    The allegations contained in paragraph 115 are directed to a party other than SIRVA and, therefore, no response is required.  To the extent facts are alleged against SIRVA, they are denied.

116.    The allegations contained in paragraph 116 are directed to a party other than SIRVA and, therefore, no response is required.  To the extent facts are alleged against SIRVA, they are denied.

## AFFIRMATIVE DEFENSES

As further, separate and affirmative defenses to the Cross-Claims and each cause of action thereof it is alleged:

## FIRST AFFIRMATIVE DEFENSE

Cross-Claim Plaintiffs have failed to state any claims against SIRVA upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The incident and damages complained of in the Cross-Claims were the result of acts and/or omissions of parties and/or persons over whom SIRVA exercised no control. The alleged damages were caused in whole or in part by the neglect, fault, and want of care by persons or entities other than Defendant SIRVA for whose acts or omissions Defendant SIRVA is not responsible.  SIRVA states that Cross-Claim Plaintiffs' claims and/or damages, if any, were caused in whole or in part by their own comparative fault and/or the comparative fault of others.

## THIRD AFFIRMATIVE DEFENSE

The negligence or fault of third parties was a proximate, contributing, or superseding cause to Plaintiffs' alleged damages. Such negligence or fault thereby bars or diminishes Cross-Claim Plaintiffs' claims for damages against SIRVA.

## FOURTH AFFIRMATIVE DEFENSE

No acts or omissions of SIRVA were the proximate cause of the incident and damages complained of in the Cross-Claims.

## FIFTH AFFIRMATIVE DEFENSE

Cross-Claim Plaintiffs have failed to join necessary and indispensable parties to this action.

## SIXTH AFFIRMATIVE DEFENSE

Cross-Claim Plaintiffs hired the broker/agent who rented the subject property. SIRVA was not involved in renting the subject property. SIRVA never viewed the subject property, never recommended the listing, never saw photos of the property prior to the Spillers executing the lease, never negotiated the terms of the lease agreement and never encouraged the Spillers to execute the lease agreement. All negotiations and communications regarding the subject property were between the Spillers and the Sotheby's agent.

## SEVENTH AFFIRMATIVE DEFENSE

Without admitting to the existence of any contract or responsibility, SIRVA contends that it did not breach any duty or contract between the parties.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant SIRVA followed all necessary and applicable rules, regulations,

procedures and guidelines in connection with its acts and omissions.

## NINTH AFFIRMATIVE DEFENSE

SIRVA reserves the right to add any other affirmative defenses.

WHEREFORE, Defendant SIRVA prays that the Cross-Claims be dismissed in

their entirety, and judgment be entered in favor of this Defendant together with the costs

and disbursements of this action, and such other and further relief as this Court deems

proper.

Dated: New York, New York
       January 30, 2008


                                    DOMBROFF GILMORE JAQUES & FRENCH

                                    By: _____
                                          Karen M. Berberich (KM 6300)
                                    40 Broad Street, Suite 701
                                    New York, NY 10004
                                    Tel (212) 742-8450
                                    Fax (212)742-0161
                                    *Attorneys for Defendant*
                                    *SIRVA RELOCATION LLC*


TO:    Jonathan P. Wolfert, Esq.
       Kathyanne S. Cohen, Esq.
       KAPLAN, THOMASHOWER & LANDAU LLP
       26 Broadway, 20th Floor
       New York, New York 10004
       (212) 593-1700
       *Attorneys for Defendants/Cross-Claim Plaintiffs*
       *David Spiller and Una Spiller and*
       *Defendant Guy Carpenter Company, LLC*

Mitchell J. Baker, Esq.
BAKER, LESHKO, SALINE & BLOSSER, LLP
One North Lexington Avenue
White Plains, New York 10601
*Attorneys for Plaintiff*

Vanessa M. Corchia, Esq.
ARMIENTI, DEBELLIS, GUGLIELMO & RHODEN, LLP
44 Wall Street, 18th Floor
New York, New York 10005
*Attorneys for Third-Party Defendant*
*Cartus Corporation*