CAR7989

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
X KATHERINE SUMNER BACON,

        Plaintiff,

        v.

DAVID SPILLER, UNA SPILLER, GUY
CARPENTER, INC. & SIRVA RELOCATION,
LLC,

        Defendants.
-----------------------------------------------------------------X
DAVID SPILLER AND UNA SPILLER,

        Third-Party Plaintiffs,

        v.

CARTUS CORPORATION,

        Third-Party Defendant.
-----------------------------------------------------------------X

07 Civ. 7206 (LLS)

**ANSWER TO THIRD-PARTY COMPLAINT**

      AND NOW, comes CARTUS CORPORATION (hereinafter referred to as "Responding Defendant" or "CARTUS") and answers the Third-Party Complaint as follows:

### AS TO THE CROSS-CLAIMS AND THIRD-PARTY COMPLAINT

### THE PARTIES

      65.    Responding defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65.

      66.    Responding defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66.

      67.    The averments of paragraph 67 are admitted.

**JURISDICTION AND VENUE**

68. Responding defendant denies the averment of paragraph 68 in the form alleged and respectfully refers all questions of law to the court.

69. Responding defendant denies the averment of paragraph 69 in the form alleged and respectfully refers all questions of law to the court.

**FACTUAL BACKGROUND**

70. To the extent that the Third-Party Plaintiffs repeat and reallege their answers, as set forth in paragraphs 1 through 64, CARTUS responds that the same fail to set forth a claim upon which relief may be granted as to CARTUS. To the extent that the Plaintiffs have incorporated by reference paragraphs 65 through 69 of their Third-Party Complaint, CARTUS accordingly incorporates by reference its response to paragraphs 65 through 69 as set forth above.

71. Responding defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

72. Responding defendant denies the allegations set forth in paragraph 72 except admits that CARTUS provided Spiller with a referral to a real estate brokerage, namely DJ Knight, upon information and belief, a component of SIRVA.

73. Responding defendant denies the allegations set forth in paragraph 73 as to CARTUS.

74. Responding defendant denies the allegations set forth in paragraph 74 as to CARTUS.

75. The first sentence of paragraph 75 is denied as to CARTUS. As to the second sentence of paragraph 75, it is denied that CARTUS presented any properties to the Spillers and/or that CARTUS was "worried" about a possible inability to find a suitable property for the Spillers.

76. Responding defendant denies the allegations set forth in paragraph 76 as to CARTUS.

77.     Responding defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     It is denied that CARTUS knew of the Eggleston Property or knew or should have known of any purported unsuitability of the property.

79.     The allegations contained in paragraph 79 are directed to defendant Sirva. CARTUS denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     The averments of paragraph 80 are denied.

81.     It is denied that CARTUS knew of any representations concerning the subject property. It is further denied that CARTUS had any knowledge as to the Eggleston Property.

82.     It is denied that CARTUS made any representation concerning the Eggleston Property. It is further denied that CARTUS had any communication with Spiller regarding the Eggleston Property at any time when Spiller was considering entering into a lease of said property. It is denied that Spiller had any reason to believe that CARTUS made or gave any representation regarding the Eggleston Property.

83.     It is denied that CARTUS made any communication or representation to Spiller as to the suitability of the Eggleston Property or otherwise suggesting or recommending that the Spillers lease the Eggleston Property. It is denied that CARTUS knew or had reason to know of any false representations concerning the Eggleston Property.

84.     Responding defendant denies the allegations contained in paragraph 84.

85.     Responding defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86. CARTUS lacks knowledge as to the allegations concerning travel by David Spiller to the United States. CARTUS lacks knowledge as to whether SIRVA had made any representation to Spiller concerning the Eggleston Property and/or whether the condition of the Eggleston Property was inconsistent with such representations if the same were made.

87. CARTUS denies the allegations in set forth in the first sentence of paragraph 87 except admits that on Monday, June 19, 2006, CARTUS became aware of the Spillers' claimed dissatisfaction with the subject property. CARTUS denies the allegations set forth in the second sentence of paragraph 87.

## ANSWER TO FIRST THIRD-PARTY CLAIM
## AGAINST CARTUS

88. CARTUS incorporates by reference its response to the preceding paragraphs.

89. CARTUS denies knowledge and information sufficient to form a belief as to any contract existing as between Spillers and SIRVA as alleged. This allegation is accordingly denied.

90. CARTUS denies that it was a party to any contract with the Spillers as alleged. CARTUS further denies that Spillers had communicated with or otherwise advised CARTUS of Spillers' particular needs.

91. CARTUS denies that there was any contractual obligation and further denies that it breached any such obligation.

92. CARTUS denies any damages were sustained by Spiller.

### ANSWER TO SECOND THIRD-PARTY CLAIM
### AGAINST CARTUS

93.  CARTUS incorporates by reference its response to the preceding paragraphs.

94.  It is denied that CARTUS undertook to advise the Spillers relative to the Eggleston Property or the lease which is the subject of this action.  It is further denied that CARTUS undertook any duty with respect to the Eggleston Property or the lease thereof as between Spillers and the Plaintiff herein.

95.  It is denied that CARTUS breached any duty of care owed to Spillers.

96.  It is denied that CARTUS was negligent in any manner.  CARTUS denies any damages were sustained by the Spillers.

### ANSWER TO THIRD THIRD-PARTY CLAIM
### AGAINST CARTUS

97.  CARTUS incorporates by reference its response to the preceding paragraphs.

98.  It is denied that CARTUS made any representation to the Spillers and/or that it provided any advice to the Spillers regarding the Eggleston Property.

99.  It is denied that CARTUS conducted itself in an improper, wrongful, negligent, reckless and/or careless manner.

100.  It is denied that CARTUS is liable to the Spillers for any damages as claimed.

### ANSWER TO THE FOURTH CROSS-CLAIM AGAINST SIRVA

101. - 104.  CARTUS is advised and therefore believes that the Fourth Cross-Claim of the Plaintiffs is directed to SIRVA, and accordingly, no response on its part is required.

**ANSWER TO FOURTH CROSS-CLAIM AGAINST CARTUS**

105. CARTUS incorporates by reference its response to the preceding paragraphs.

106. It is denied that CARTUS made any representation to the Spillers with respect to the Eggleston Property or any lease pertaining thereto. It is denied that CARTUS made any representation to Spiller regarding the lease relative to the Eggleston Property and/or avoidance of any obligations under said lease.

107. It is denied that CARTUS made any representation to the Spillers prior to the Spillers entering into a lease relative to the Eggleston Property. It is further denied that CARTUS undertook, or had any duty to undertake, action so as to mitigate any damages.

108. It is denied that CARTUS was negligent in any manner. CARTUS denies any damages were sustained by the Spillers.

**ANSWER TO THE FIFTH CROSS-CLAIM AGAINST SIRVA**

109. - 112. CARTUS is advised and therefore believes that the Fifth Cross-Claim of the Plaintiffs is directed to SIRVA, and accordingly, no response on its part is required.

**ANSWER TO THE FIFTH CROSS-CLAIM AGAINST CARTUS**

113. CARTUS incorporates by reference its response to the preceding paragraphs.

114. It is denied that CARTUS made any representations to the Spillers. By way of further response, CARTUS incorporates by reference its answer to paragraphs 77 through 87 as set forth above.

115. It is denied that CARTUS made any representation to Spillers at the time Spillers entered into the lease of the Eggleston Property. It is further denied that CARTUS undertook any obligation to mitigate such damages as may be claimed by Spiller.

116. It is denied that CARTUS made any fraudulent representation or misrepresentation. CARTUS denies any damages were sustained by the Spillers.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

117. The Third-Party Complaint fails to set forth a cause of action upon which relief may be granted as to Cartus Corporation.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

118. Third-Party Plaintiffs Spiller knowingly entered into a lease contract with Plaintiff Bacon without availing themselves of the opportunity to examine the property and determine its suitability, and in otherwise failing to act as a reasonably prudent person. As such, any damage claimed by the Third-Party Plaintiffs is the result of their assumption of a known risk or their own negligence, or culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

119. Although CARTUS denies the existence of any contract between CARTUS and the Spillers, to the extent the third-party complaint purports to assert a breach of contract claim, the third-party plaintiffs have failed to plead a breach of contract claim with the necessary particularity required by the Federal Rules of Civil Procedure and accordingly fails as a matter of law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

120.  That the third-party plaintiffs failed to join a necessary or indispensible parties.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

121.  The plaintiff Bacon herein failed to take any or sufficient action, or such action as was necessary to mitigate or minimize the damages alleged and/or conditions that gave rise to the purported damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

122.  That the culpable conduct of the third-party plaintiffs including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein, and pursuant to CPLR Rule 1411, said damages should be diminished in the proportion which the culpable conduct attributable to the third-party plaintiffs bears to the culpable conduct which caused said damages.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST SIRVA RELOCATION, LLC**

123.  That although responding defendant has denied the allegations of third-party plaintiffs with respect to any wrongdoing on the part of responding defendant, nevertheless, in the event that there is a verdict or judgment in favor of the third-party plaintiffs as against responding defendant then, and in that event, said responding defendant demands judgment over and against SIRVA RELOCATION, LLC, by reason of its wrongful conduct being primary and/or active while any wrongdoing of responding defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST SIRVA RELOCATION, LLC**

124.  Any injuries and damages sustained by third-party plaintiffs as a result of the alleged incident described in the Third-Party Complaint were sustained in whole or in part by reason of the negligence, carelessness, culpable conduct, or other breach of duty on the part of SIRVA RELOCATION, LLC.

125.  That if it is determined that CARTUS is liable in any degree for third-party plaintiffs' damages whether because of negligence, by operation of law, or any other reason, CARTUS is entitled to have said liability apportioned among and between SIRVA RELOCATION, LLC, by way of contribution or is entitled to be indemnified by said parties.

WHEREFORE, third-party defendant CARTUS demands judgment dismissing the third-party complaint together with the costs and disbursements of this action.

Dated: New York, NY
       February 29, 2008

                                        Yours etc.,


                                        _____/s/_____
                                        Vanessa M. Corchia, Esq. (VMC6458)
                                        ARMIENTI, DeBELLIS,
                                        GUGLIELMO & RHODEN, LLP
                                        Attorneys for Third-Party Defendant
                                        CARTUS CORPORATION
                                        44 Wall Street, 18th Floor
                                        New York, New York 10005
                                        (212) 809-7074

TO: Kathyanne S. Cohen, Esq.
KAPLAN, THOMASHOWER & LANDAU, LLP
Attorneys for Defendants/ Cross-Claim Plaintiffs
DAVID SPILLER, UNA SPILLER and
Defendant GUY CARPENTER & COMPANY, LLC
s/h/a GUY CARPENTER. INC.
26 Broadway, 20th Floor
New York, New York 10004
(212) 593-1700

Mitchell J. Baker, Esq.
BAKER, LESHKO, SALINE & BLOSSER, LLP
Attorneys for Plaintiff
KATHERINE SUMNER BACON
One North Lexington Avenue
White Plains, NY  10601

Karen M. Berberich, Esq.
DOMBROFF & GILMORE, P.C.
Attorneys for Defendant
SIRVA RELOCATION, LLC
40 Broad Street, Suite 2000
New York, NY  10004-2382
(212) 742-8450

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to Third-Party Complaint, by Vanessa M. Corchia was mailed by First Class mail, postage prepaid this 29th day of February, 2008 to all counsel of record as indicated on the service list below. .

    Kathyanne S. Cohen, Esq.
    KAPLAN, THOMASHOWER & LANDAU, LLP
    Attorneys for Defendants/ Cross-Claim Plaintiffs
    DAVID SPILLER, UNA SPILLER and
    Defendant GUY CARPENTER & COMPANY, LLC
    s/h/a GUY CARPENTER. INC.
    26 Broadway, 20th Floor
    New York, New York 10004
    (212) 593-1700

    Mitchell J. Baker, Esq.
    BAKER, LESHKO, SALINE & BLOSSER, LLP
    Attorneys for Plaintiff
    KATHERINE SUMNER BACON
    One North Lexington Avenue
    White Plains, NY  10601

    Karen M. Berberich, Esq.
    DOMBROFF & GILMORE, P.C.
    Attorneys for Defendant
    SIRVA RELOCATION, LLC
    40 Broad Street, Suite 2000
    New York, NY  10004-2382
    (212) 742-8450

                                                                /s/
                                                  Vanessa M. Corchia, Esq. (VMC6458)