UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

KATHERINE SUMNER BACON,                    :

              Plaintiff,                    :

      -against-                         :        07 Civ. 7206 (LBS)

DAVID SPILLER, UNA SPILLER,                :
GUY CARPENTER, INC. and
SIRVA RELOCATION LLC,                       :

           Defendants.                     :

----------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR SUMMARY JUDGMENT PURSUANT TO FRCP § 56

**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**

# Table of Contents

Preliminary Statement...................................................................3

Summary of Facts.......................................................................4

Summary of Argument..................................................................5

Statement of Facts.......................................................................6

Argument

I.  DAVID AND UNA SPILLER ARE CLEARLY
LIABLE FOR BREACH OF THE SUBJECT
RESIDENTIAL LEASE AGREEMENT.......................................7

II.MS. BACON IS ENTITLED TO LEGAL
FEES PURSUANT TO THE LEASE..........................................9

Conclusion.................................................................................11

*Preliminary Statement*

This memorandum of law is submitted in support of instant application of plaintiff Katherine Sumner Bacon for summary judgment as to liability only, in her favor and against David and Una Spiller on the first claim for relief for damages under a certain residential lease agreement and under the fourth claim for relief for attorney's fees thereunder pursuant to the terms of the specific lease agreement.

On or about June 16, 2006 plaintiff Katherine Sumner Bacon and defendants David and Unni Spiller entered into a residential lease agreement (hereinafter referred to as the "Lease") for the premises known as and located at 10 Eggleston Lane, Greenwich, Connecticut 06807 (the "Premises").

Simply stated, the Spillers breached the Lease. They never paid the rent due thereunder and never occupied the Premises.

## Summary of Argument

It is axiomatic that under the relevant law, as the Spillers breached the Lease, they are liable for the rent due under the terms of the Lease and for attorneys' fees pursuant to the specific provisions of the Lease which authorizes an award of legal fees.

This is a most simple case. Mr. and Mrs. Spiller signed the Lease for the Premises on or about June 16, 2006. This Lease was accepted and signed by Ms. Bacon and two checks were delivered to her for the security deposit ($24,000.00) and the rent for the first month ($12,000.00).

The Spillers breached the Lease Agreement. They never paid the rent due and the never moved into the premises.

Indeed, a stop payment order was issued for the checks given by Ms. Bacon for the rent for the first month and the security deposit. No further rent was ever received by Ms. Bacon, and the Spiller's never took occupancy of the Premises.

## I.

## DAVID AND UNA SPILLER ARE CLEARLY LIABLE FOR BREACH OF THE SUBJECT RESIDENTIAL LEASE AGREEMENT

Under Connecticut law[1] a lease agreement is viewed the same as a contract, and the rules regarding breaches thereof and the damages that flow from such breach are the same. *See Young v. Vlahos*, 103 Conn. App. 470 (2007).

As the Court in the decision of *Rokalor v. Connecticut Eating Enterprises, Inc.*, 18 Conn. App. 384, 558 A.2d 265 (1989) stated: "A lease is nothing more than a contract ....Thus, as in any other contract action the measure of damages is that the award should place the injured party in the same position as he would have been in had the contract been fully performed...." *Id.* at 389. *See also Heritage Square, LLC v. Eoanou*, 61 Conn. App. 329 (2001).

In the instant matter, the Spillers clearly breached the Lease in that

---

[1] It is submitted that as the property in question is located in Connecticut and that the plaintiff is also a Connecticut resident that Connecticut law should apply in this action.

they never paid rent or security thereunder, and they never occupied the space. Under such circumstances, the Spillers are liable to Ms. Bacon for the damages which "naturally flow from the breach" -- One Hundred Forty-Four Thousand ($144,000.00).[2] *See Rokalor, supra; K&R Realty Associates v. Gagnon,* 33 Conn. App. 815 (1994).

---

[2] Under Connecticut law, a landlord has a statutory duty to mitigate its damages. *Conn. Gen Stat.* § 47a-11c. Ms. Spiller did attempt to mitigate her damages without success. Ms. Bacon acknowledges that the Spillers are entitled to discovery the issue of such mitigation, and Ms. Bacon stands ready to provide such discovery and be deposed at any time.

## II.

## MS. BACON IS ENTITLED TO LEGAL
## FEES PURSUANT TO THE LEASE.

Section 13(c) of the Lease provides in pertinent part that:

> If you [the tenant] break any of your promises
> in this Lease…you will pay us all lost rent and
> other damage and costs we may incur because
> of your broken promises.  These costs may
> include the expenses of a lawyer, if we hire one,
> to the extent permitted by law.

*Id.*

It is submitted that this provision of the Lease speaks for itself.  Ms.

Bacon has hired counsel, and she has incurred legal fees in connection with

this action.  The Spillers are liable for such fees incurred. *See, e.g. Heritage*

*Square, LLC, supra.*

9

**CONCLUSION**

For all of the reasons stated above, it is submitted that Ms. Bacon's entitled to Summary Judgment in her favor and against the Spillers on the first and fourth claims for relief.

It is further submitted that this Court should schedule a hearing on the damages on which Ms. Bacon has suffered under these provisions of the subject lease agreement, together with such other and further and different relief this Court deems just.

Respectfully submitted,

**BAKER LESHKO SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*

By:_____

**Mitchell J. Baker (MB 4339)**
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**


To:   Kathyanne S. Cohen, Esq.
      Kaplan, Thomashower & Landau LLP
      26 Broadway, 20th Floor
      New York, New York 10004