UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

KATHERINE SUMNER BACON, : 07 Civ. 7206 (LLS)

Plaintiff, :

v. :

DAVID SPILLER, UNA SPILLER, GUY CARPENTER, INC. & SIRVA RELOCATION, LLC, :

Defendants. :

---------------------------------------------------------------x

DAVID SPILLER AND UNA SPILLER, :

Third-Party Plaintiffs, :

v. :

CARTUS CORPORATION, :

Third-Party Defendant. :

---------------------------------------------------------------x

DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants/Third Party Plaintiffs David Spiller and Unni Spiller s/h/a Una Spiller (the "Spillers") and Defendant Guy Carpenter, Inc. ("Guy Carpenter") (collectively, "Defendants") submit this Memorandum of Law in response to the motion of Katherine Sumner Bacon for summary judgment as to liability.[1] Plaintiff moves for summary judgment on the grounds that she is entitled to damages under the terms of a lease signed by the Spillers and Plaintiff regarding a rental property (the "Eggleston Property") located at 10 Eggleston Lane, Old

---

[1] Although Plaintiff's motion appears to be directed against only Mr. Spiller, out of an abundance of caution, the Spillers and Guy Carpenter respond herein.

Greenwich, Connecticut 06870 (the "Lease"), as well as an award of attorney's fees.

While Defendants believe that there may be meritorious defenses to Plaintiff's claims of liability, given the amount of money at stake in this action, Defendants do not oppose Plaintiff's motion for summary judgment as to liability. They do, however, note the following. First, Plaintiff's motion does not address the issue of damages, which includes Plaintiff's duty to mitigate. Even under Plaintiff's version of the facts: (a) she "rented this residence [referring to the Eggleston Property] for some time," (see Affidavit of Katherine Sumner Bacon ("Bacon Affidavit"), sworn to on January 8, 2008, ¶ 4); (b) "negotiat[ed] with other tenants" just before the Spillers signed the Lease, (see Amended Complaint, Exhibit A to Bacon Affidavit), and (c) the Eggleston Property was only off the market for "a few days,"[2] (see id., ¶ 30). Yet, Plaintiff claims she was unable to find *any* tenant, at *any* price, to move into the Eggleston Property after she was informed that the Eggleston Property was unsuitable for the Spillers.

Second, as acknowledged by Plaintiff, the Lease regarding the Eggleston Property includes the following provision with respect to attorney's fees: "These costs *may* include the expense of a lawyer, if we hire one, *to the extent permitted by law*." See Lease, Exhibit C to Bacon Affidavit, ¶ 13 (c) (emphasis added). At the very least, attorney's fees must be reasonable. Whether or not the attorney's fees purportedly incurred in this action to date are in fact reasonable can be determined when the issue of damages is properly before the Court. To date, however, the fees incurred appear to include the prosecution of this action against parties that were released (*e.g.*, Sirva Relocation, LLC) or that Plaintiff has indicated will be released

---

[2] In addition, given that the Lease was signed on a Friday, the few days included weekend days.

(*e.g.*, Guy Carpenter) reflecting Plaintiff's recognition that she has no claim against those entities. The fees also include the making of this unnecessary motion which Defendants were willing to resolve by stipulation.

In addition, on April 10, 2008, Defendants made an Offer of Judgment in the amount of $100,000. If Plaintiff is ultimately unable to receive a more favorable judgment from the Court, Defendants are not liable for any costs, including attorney's fees, incurred after April 10, 2008. See FRCP 68; see also, e.g., National Ass'n for the Advancement of Colored People v. East Haven, 259 F.3d 113, 121 (2d Cir. 2001). And, to the extent the Spillers ultimately prevail in this action -- for example by establishing that Plaintiff could have rented the Eggleston Property to someone else and therefore suffered no damages attributable to the actions of the Spillers -- it is the Spillers, not Plaintiff, who would be entitled to attorney fees. See Conn. Gen. Stat. § 42-150bb ("Whenever any . . . lease . . . provides for the attorney's fee of the commercial

party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully . . . defends . . . an action . . . based upon the . . . lease").

Dated: New York, New York
April 14, 2008

Respectfully submitted,

By: Kathyanne Cohen

Jonathan P. Wolfert (JW-9899)
Kathyanne Cohen (KC-1710)

KAPLAN, THOMASHOWER & LANDAU LLP
26 Broadway, 20th Floor
New York, New York 10004
(212) 593-1700

Attorneys for Defendants/Third Party Plaintiffs
David Spiller and Unni Spiller s/h/a Una Spiller
and Defendant Guy Carpenter, Inc.